Booth, J„
delivered the opinion of the court:
The plaintiff is a first lieutenant in the Marine Corps. On June 27, 1908, in obedience to proper orders, he sailed from New York for Porto Rico, remaining on duty there until November 3, 1909, when detached and ordered back to the States. This suit is to recover 10 per cent additional pay for service in Porto Rico, dating said service from the time of departure from the United States until return thereto.
*326 The plaintiff’s pay proper was originally fixed by section 1612, E. S., as follows:
“The officers of the Marine Corps shall be entitled to receive the same pay and allowances, and the enlisted men shall be entitled to receive the same pay and bounty for reenlisting, as are or may be provided by or in pursuance of law for the officers and enlisted men of like grades in the Infantry of the Army.”
On June 30, 1902 (32 Stat. L., 612), as part of the appropriation act for the Army, the Congress modified existing law respecting the pay proper of officers of this grade by the following language:
“For additional ten per centum increase on pay of commissioned officers serving at foreign stations, four hundred and fifty-one thousand four hundred and fifty-six dollars: Provided, That hereafter the pay proper of all commissioned officers and enlisted men serving beyond the limits of the States comprising the Union and the Territories of the United States contiguous thereto shall be increased ten per centum for officers and twenty per centum for enlisted men over and above the rates of pay proper its fixed by law for time of peace, and the time, of such service shall be counted from the date of departure from said States to the date of return thereto.”
Thus far the rights of plaintiff respecting pay are obvious; the complications arise by subsequent legislation.
Following this statute on June 12, 1906 (34 Stat. L., 247), Congress • provided—
“ For additional ten per centum increase on pay of commissioned officers serving beyond the limits of the States comprising the Union and the Territories of the United States contiguous thereto (excepting Porto Eico and Hawaii), as provided by act approved June thirtieth, nineteen hundred and two, the time of such service to be counted from the date of departure from said States to the date of return thereto * *
The Army appropriation act of the next session of Congress repeated the above provisions (34 Stat. L., 1164).
The act of May 11, 1908 (35 Stat. L., 110), provided as follows:
“ That increase of pay for service beyond the limits of the States comprising the Union and the Territories of the *327 United States contiguous thereto shall be as now provided by law.
* ‡ $ $ $ $ $
“For additional ten per centum increase on pay of officers on foreign service, two hundred and eighty-five thousand dollars.
“That nothing herein contained shall be construed so as to reduce the pay or allowances now authorized by law for any officer or enlisted man of the Army, and all laws or parts of laws inconsistent with the provisions of this act are hereby repealed.”
Defendants’ contention is rested upon the language as found in the act of May 11, 1908, asserting that the words “ shall be as now provided by law ” refer especially to the exceptions contained in the two preceding enactments, limiting the additional pay of officers in foreign service to foreign shores other than Porto Rico and Hawaii.
It is always difficult to distinguish permanent from temporary legislation when conflicting enactments are made part of general appropriation laws. Just what the Congress intended by repeated changes respecting the same subject matter contained in annual appropriations for the Army presents questions of law most frequently doubtful. There is no language in the acts of June 12, 1906, and March 2, 1907, indicating an express intention to repeal the act of June 30, 1902; the usual expressions employed to effectuate such a purpose are absent. The authorities seem to hold that a mere appropriation act, whereby a smaller sum is appropriated to pay a larger compensation previously fixed by statute, does not of itself repeal existing law. (United States v. Langston, 118 U. S., 389; Converse v. United States, 26 C. Cls., 6.) There is no reason assigned and no argument advanced for this apparent discrimination and its continuance under subsequent statutes. Commencing in 1902 no discrimination respecting pay for foreign Service obtained until 1906. During this and the following year service at Porto Rico and Hawaii was excepted in so far as funds available for payment for such service were concerned, but notwithstanding this apparent decrease in pay *328 for foreign service, we find a substantial increase in each' succeeding appropriation bill to meet the additional pay for services of this character. (35 Stat. L., 155.)
The Comptroller of the Treasury, in 10 Comp. Dec., 849, overruled a contention similar in most respects to the defense interposed here, and gave the additional pay in the face of a statute expressly enumerating the foreign shores to which such increase was made applicable.
Taking the legislation as a whole, and in view of the absence of any express language indicating an intention to repeal the act of June 30, 1902, and the apparent doubt as to such an intention, the plaintiff is entitled to prevail. Judgment for the plaintiff in the sum of $299.78. It is so ordered.